IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH M. KANEAKUA, #10286-022,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ESTELA DERR, *et al.*,<br><br>　　　　　　Defendants. | CIV. NO. 22-00201 DKW-WRP<br><br>ORDER DIRECTING SERVICE OF PRISONER CIVIL RIGHTS COMPLAINT |

Before the Court is a Prisoner Civil Rights Complaint, ECF No. 4, filed by pro se Plaintiff Elijah M. Kaneakua pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court granted Kaneakua's Application to Proceed In Forma Pauperis by a Prisoner on May 10, 2022. ECF No. 6.

In the Complaint, Kaneakua alleges that two prison officials[1] at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu") violated the Eighth Amendment by denying him adequate medical care. ECF No. 4 at 5–6. According to Kaneakua, he has a preauricular cyst that causes him "severe" and "extreme" pain. *Id.* at 5. Kaneakua requested immediate medical treatment from Dr. Kwon

---

[1] Kaneakua names as Defendants Warden Estela Derr and Director of Health Services Dr. Kwon in their individual and official capacities. ECF No. 4 at 1–2.

and submitted a Request for Administrative Remedy to Warden Derr, but Kaneakua has not received any treatment. *Id.* at 5–6.

The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Liberally construed, the Complaint states plausible Eighth Amendment claims against Dr. Kwon and Warden Derr that shall be served and require a response.

IT IS HEREBY ORDERED that:

(1) For Defendants Warden Derr and Dr. Kwon, the Clerk is directed to send to Plaintiff: two copies of the Complaint, ECF No. 1; one completed summons for each Defendant; one USM-285 form for each Defendant; two Notice of Lawsuit and Request for Waiver of Service of Summons forms (AO 398); two Waiver of Service of Summons forms (AO 399) for each Defendant; and an instruction sheet. Plaintiff shall complete these forms as directed and submit them to the U.S. Marshal in Honolulu, Hawaii.

(2) For the United States, *see* Fed. R. Civ. P. 4(i)(3), the Clerk is directed to send to Plaintiff two additional copies of the Complaint, ECF No. 1; two completed summonses; and two USM-285 forms. Plaintiff shall complete the forms as directed and submit them to the U.S. Marshal in Honolulu, Hawaii.

(3) Upon receipt of the above completed documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint, ECF No. 1; a

completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs. *See* Fed. R. Civ. P. 4(c)(3). The U.S. Marshal shall also deliver a copy of the completed summons and the Complaint, ECF No. 1, to the United States Attorney for the District of Hawaii and the Attorney General of the United States as directed by Plaintiff without payment of costs.

(4) For both Defendants Warden Derr and Dr. Kwon, the U.S. Marshal shall retain a completed summons and a copy of the Complaint, ECF No. 1. The U.S. Marshal shall file any returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

(5) If Defendants Warden Derr and Dr. Kwon do not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of

service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons, the Complaint, and the Motion, and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

(6) The Clerk shall also send a copy of this Order to the U.S. Marshal at P.O. Box 50184, Honolulu, HI 96850.

(7) Alternatively, if Plaintiff does not wish to use the services of the U.S. Marshall in effecting service of the Summons and Complaint, as outlined above, Plaintiff may serve Defendants on his own according to the procedures set forth in Fed. R. Civ. P. 4(i).  Plaintiff is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(8) Defendants Warden Derr and Dr. Kwon shall file a responsive pleading to the Complaint, ECF No. 1, within the time set forth in Federal Rule of Civil Procedure 12.

(9) After the Complaint, ECF No. 1, is served and Defendants have filed an answer or responsive pleading, Plaintiff's documents will be deemed served when they are electronically filed by the court.  The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf.

(10) Until the Complaint, ECF No. 1, is served and Defendants or their attorney(s) file a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the Court.

IT IS SO ORDERED.

DATED: June 27, 2022 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Kaneakua v. Derr, et al.*; Civil No. 22-00201 DKW-WRP; **ORDER DIRECTING SERVICE OF PRISONER CIVIL RIGHTS COMPLAINT**