IIN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ELIJAH M. KANEAKUA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ESTELA DERR and NATHAN KWON,<br><br>　　　　Defendants. | Case No. 22-cv-00201-DKW-WRP<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　　　On April 29, 2022, Plaintiff Elijah Kaneakua, then a federal prisoner at FDC Honolulu, filed a complaint in this Court, alleging that the Bureau of Prisons ("BOP") had failed to provide him with proper treatment for a preauricular cyst since 2020, and seeking both damages and injunctive relief under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).  Dkt. No. 1.  On March 16, 2023, pursuant to a prior motion to dismiss filed by Defendants, Dkt. No. 26, this Court dismissed Kaneakua's damages claim as not cognizable under *Bivens*.  Kaneakua's claim for injunctive relief survived that dismissal. Defendants now move to dismiss that remaining claim on mootness grounds.  Dkt. No. 32.  Because Kaneakua is no longer in BOP custody, his claim for injunctive

1

relief is, indeed, moot, and the instant motion to dismiss is GRANTED on that basis.

## RELEVANT BACKGROUND[1]

Kaneakua alleges that he suffered from "severe" and "extreme" pain associated with a preauricular cyst—a painful abscess in his right ear—since 2020. *See* Dkt. No. 29 at 2–3.  Although he claims to have communicated the issue to his FDC Honolulu primary care provider and filed an administrative grievance with the Warden, the BOP failed to provide him with adequate treatment or a needed outside consultation.  *See id.*

As a result, Kaneakua filed the instant Complaint on April 29, 2022.  Dkt. No. 1.  He requested $250,000.00 in damages under *Bivens*, along with "an Order forcing FDC Honolulu to immediately send [him] out of the facility to obtain medical attention."  *Id.* at 8.

On January 13, 2023, Defendants filed a motion to dismiss Kaneakua's damages claims, *see* Dkt. No. 26, which this Court granted on March 16, 2023.  Dkt. No. 29.  On June 20, 2023, Defendants filed the instant motion to dismiss Kaneakua's remaining claim for injunctive relief, contending that the claim is moot because Kaneakua is no longer in BOP custody.  Dkt. No. 32.  Kaneakua did not

---

[1] A more comprehensive background of Kaneakua's allegations is presented in the Court's prior order and is not repeated in full here.  *See* Dkt. No. 29 at 2–3.

oppose this motion, and no reply brief was filed. The Court has elected to decide this matter without a hearing pursuant to Local Rule 7.1(c), *see* Dkt. No. 33, and this Order follows.

## DISCUSSION

Article III courts are courts of limited jurisdiction, possessing only that power that is affirmatively granted by the Constitution and by statute. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998). Thus, a district court must dismiss an action if it lacks subject matter jurisdiction over the suit, as provided by those authorities. *See id.*; Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction falls upon the party asserting jurisdiction—here, Kaneakua. *See Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1091 (9th Cir. 2014) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

In addition to subject matter jurisdiction, Kaneakua must have standing. *See* U.S. Const. art. III, § 2, cl. 1 (federal court jurisdiction is limited to justiciable "Cases" or "Controversies"); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (standing is the "irreducible constitutional minimum" necessary to pursue a justiciable case or controversy). Standing requires a plaintiff to have a personal interest or stake in the litigation, not only at the commencement of suit but "throughout its existence." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

Otherwise, a plaintiff's claims may be moot.  In other words, a case is moot if "there is no longer a possibility that an appellant can obtain relief for his claim." *Id.*  In such a case, "no actual or live controversy exists" any longer, and the claim must be dismissed.  *Id.*; *see, e.g.*, *Fendler v. U.S. B.O.P.*, 846 F.2d 550, 555 (9th Cir. 1988) (28 U.S.C. § 2241 petition in which the petitioner sought immediate release from BOP custody was moot once the petitioner was released from custody); *Wilson v. U.S. Dep't of the Interior*, 799 F.2d 591, 592 (9th Cir. 1986) (case was moot where the court lacked the authority to direct the named defendant to do anything that would provide relief).

Here, Kaneakua's injunctive relief claim seeks an order from this Court directing FDC Honolulu to "immediately send [him] out of the facility to obtain medical attention."  Dkt. No. 1 at 8.  However, on February 17, 2023, Kaneakua was released from BOP custody, having served his full term of confinement. Declaration of Kris Robl ¶ 4, Dkt. No. 32-2; *see also* Dkt. No. 32-3 (reflecting release).  As a result of his release, BOP staff, including Defendants, have no obligation (or ability) to provide medical care to Kaneakua.  *See* 18 U.S.C. §§ 3621, 4042(a) (BOP has a duty to provide care for individuals in its custody until the expiration of the term imposed).  Therefore, as this Court cannot fashion an order directing Defendants to do anything that would provide Kaneakua's

requested relief, this case is moot and must be dismissed.  *See Wilson*, 799 F.2d at 592 ("An action is moot if the court cannot grant any effective relief.").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, Dkt. No. 32, is GRANTED.  Because "it is absolutely clear that no amendment can cure the defect" described herein, Kaneakua's claim for injunctive relief is DISMISSED WITH PREJUDICE.  *See Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).  The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: July 13, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Elijah M. Kaneakua v. Estela Derr, et al;* Civil No. 22-00201 DKW-WRP;
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**